IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY MARCH NEWELL,
and DANIELLE MARIE NEWELL,

    Plaintiffs,

v.

CIRCUIT COURT FOR WASHINGTON
COUNTY, DHS - Child Welfare;
MATHEW AUSTIN NEWELL, Foster Parent;
ALANNA LUNDIN, Foster Parent;
DHS CHILD WELFARE; CITIZEN REVIEW
BOARD; and L.E.A., Local Enforcement
Agency,

    Defendants.

Case No. 3:17-cv-00389-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff Mary Newell brings this civil action *pro se*. Pursuant to an Order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff initiated this action by filing a 127-page document titled "Complaint for a Civil Case," to which Plaintiff attached Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Petitions for Writ of Mandate, and numerous exhibits (ECF No. 2).[1] Plaintiff simultaneously filed a 211-page document titled "Petition for Writ of Mandate Vacating Jurisdiction and Judgments of Lower Court Censuring the Juvenile Court and DHS" (ECF No. 3). Plaintiff has subsequently filed fourteen additional documents, many of some length, including motions, a 350-page Amended Complaint, additional Petitions for Writ of Habeas Corpus, "Expedited Mandates," and "Injunctions." (ECF Nos. 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21).[2]

The gravamen of Plaintiff's claims throughout all of her numerous filings can be narrowed to one primary issue, the removal of Plaintiff's minor son from Plaintiff's custody. By way of remedy, Plaintiff apparently seeks restoration of custody over her

---

[1] Plaintiff purports to bring this action on behalf of herself and her daughter, Daniel Marie Newell. A non-lawyer, however, may not file papers with the court or otherwise represent the rights of another *pro se* litigant. See *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987).

[2] To date, Plaintiff has submitted a total of some 1,471 pages of documents to the Court.

2 - ORDER TO DISMISS -

son, as well as criminal charges against the various named Defendants, and money damages.

## STANDARDS

Where a person is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In order to state a claim, a plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*,

627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I. Plaintiff's Complaint Fails to Comply with Fed. R. Civ. P. 8**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Community Redev. Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Plaintiff's Complaint is neither short nor plain. As noted, it is comprised of an initial "Complaint," with 211 pages of

4 - ORDER TO DISMISS -

attachments including Petitions for Writ of Habeas Corpus and exhibits. Plaintiff's Complaint does not comply with Rule 8.

**II. Plaintiff Has Not Pled a Cognizable Federal Claim**

Federal courts have no power to consider claims over which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint and not amended complaint, for subject matter jurisdiction). Moreover, the burden is on the federal plaintiff to allege facts establishing jurisdiction, and the court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties. *See* Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974).

It is inappropriate for a federal court to interfere with a family law matter pending in state court. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court). Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases,

5 - ORDER TO DISMISS -

especially when there are ongoing state judicial proceedings. *Coats*, 819 F.2d at 237. If the state court proceedings are no longer ongoing, but have resolved adversely to a plaintiff, there is still no federal jurisdiction which would permit this court to interfere. Any allegations of errors in the state court are barred, because a federal district court does not have jurisdiction to review legal errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

Based on the Complaint and its attachments, this Court is without jurisdiction to act either because Plaintiff's child custody matter is ongoing in state court and is barred by abstention principles, or because Plaintiff seeks to appeal a state court decision and is barred by the *Rooker-Feldman* doctrine.[3] Although the Court would ordinarily grant a *pro se* plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by revision of Plaintiff's claims. Accordingly, leave to amend would be futile and this action is dismissed with prejudice.

---

[3]To the extent Plaintiff's Complaint is construed as an attempt to seek habeas corpus relief pursuant to 28 U.S.C. § 2254, this Court likewise lacks jurisdiction as such an application may be entertained only "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States."

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Because it is apparent that the deficiencies of Plaintiff's Complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is DENIED, as the Court finds no extraordinary circumstances. Plaintiff's remaining motions (ECF Nos. 4, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21) are found MOOT.

IT IS SO ORDERED.

DATED this 16th day of May, 2017.

_____
ANNA J. BROWN
United States District Judge